**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**



FILED

MAR 1 9 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-110-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| JERMAINE DAVID RICHARDSON, | |
| Defendant. | |

Before the Court are Magistrate Judge Timothy Cavan's findings and

recommendation on Defendant Jermaine David Richardson's motion to suppress.

Judge Cavan recommends the Court deny Richardson's motion.

## I.     Procedural history

On October 31, 2018, the Court referred Defendant Jermaine David

Richardson's Motion to Suppress (Doc. 24) to Judge Cavan for purposes of

conducting a hearing and issuing findings and recommendations pursuant to 28

U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a).   On December 26, 2018, Judge

Cavan issued his findings and recommendation.   (Doc. 40).   Judge Cavan

recommended the Court grant Richardson's motion to suppress, but noted the

government may be able to satisfy the independent source exception because it

later obtained a search warrant.   (Doc. 40 at 20-21).   Judge Cavan was unable to

1

complete an analysis of the independent source exception because the government failed to introduce the search warrant at the hearing. In its objections to Judge Cavan's findings and recommendation, the government attached the search warrant as an exhibit and requested the matter be referred back to Judge Cavan to conduct the independent source exception analysis with the warrant in hand. (Doc. 44). Pursuant to 28 U.S.C. § 636(b)(1), the Court recommitted the matter to Judge Cavan to conduct the independent source exception analysis. (Doc. 47).

On February 12, 2019, Judge Cavan re-issued his findings and recommendation. (Doc. 50). Judge Cavan recommended the Court deny Richardson's motion to suppress based on the independent source exception. (Doc. 50 at 11).

## II. Standard of review

The United States and Richardson timely objected to Judge Cavan's findings and recommendation. (Docs. 44 and 51). The parties are entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Objections

### A. United States' objections

The United States objects to Judge Cavan's conclusion that neither the

exigent circumstances exception nor the protective sweep exception justified the warrantless entry into Richardson's home. The Court agrees with Judge Cavan in full and the United States' objections are overruled.

**B.    Richardson's objections**

Richardson objects to Judge Cavan's conclusion that the evidence seized from Richardson's home is admissible under the independent source exception to the exclusionary rule.

The independent source exception applies if (1) the officers would have sought a search warrant without seeing the tainted evidence and (2) the search warrant application contained probable cause without the tainted evidence. *United States v. Washington*, 700 Fed.Appx. 619, 621 (9th Cir. 2017) (citing *United States v. Duran-Orozco*, 192 F.3d 1277, 1281 (9th Cir. 1999)). Judge Cavan found both prongs of the independent source exception were present.

Under the first finding, Richardson argues the officers would not have sought a search warrant without seeing the tainted evidence because the officers spoke about obtaining a search warrant for ten or fifteen minutes prior to the warrantless entry, but only obtained a search warrant after the seeing the tainted evidence. Contrary to Richardson's assertion, Sergeant Riley Finnegan explained at the hearing that the purpose of entering the home was to secure it "pending a

3

search warrant application." (Tr. 13:9-25). Sergeant Finnegan further explained he would not have entered the residence to secure it if he had not already decided to get a search warrant because the purpose of securing a residence is to "prevent the destruction of any evidence that possibly could be located inside," pending the issuance of a search warrant. (Tr. 13:21-15:1). Based on Sergeant Finnegan's testimony, the Court agrees with Judge Cavan and Richardson's first objection is overruled.

Under the second finding, Richardson argues the Court cannot determine whether the search warrant application contained probable cause without the tainted evidence. Although it's somewhat unclear, it appears Richardson does not argue the search warrant did not contain probable cause without the tainted evidence, but instead that the Court cannot make that finding without the testimony of the judge who issued the warrant. Richardson's argument presumably stems from the Supreme Court's phrasing of the independent source test in *Murray v. United States*, 487 U.S. 533, 542 (1988). There, the Supreme Court articulated the second prong as whether "information obtained during the [illegal] entry was presented to the Magistrate and affected his decision to issue the warrant." *Murray*, 487 U.S. at 542. The Supreme Court's phrasing was perhaps clumsy, but it has never been understood to require the issuing magistrate's subjective

4

thoughts on whether he or she would have granted the search warrant without the tainted evidence. Instead, the practice has always been for the reviewing court to excise the tainted evidence and determine whether the search warrant application contained probable cause. *See Washington*, 700 Fed.Appx. at 621-622. That is precisely what Judge Cavan did here, and the Court agrees with his analysis of probable cause. Richardson's objection is overruled.

## IV. Conclusion and order

It is hereby ordered:

1. Judge Cavan's findings and recommendation (Doc. 40) issued on December 26, 2018, is adopted in full.

2. Judge Cavan's findings and recommendation (Doc. 50) issued on February 12, 2019, is adopted in full.

3. The United States' objections (Doc. 44) are overruled.

4. Richardson's objections (Doc. 51) are overruled.

5. Richardson's motion to suppress (Doc. 24) is denied.

DATED this _19th_ day of March, 2019.

Susan P. Watters
SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE